UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-01080-1 |
| | § | |
| JUSTIN PEREZ | § | |

**FINDINGS AND RECOMMENDATION**
**ON PLEA OF GUILTY**

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On February 12, 2014, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Count 5 of the indictment pursuant to a written plea agreement. The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

2.    The defendant was advised that the indictment charged him with being a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The defendant was advised that these sections of Title 18 make it unlawful for any person having been convicted of a crime punishable by

imprisonment for a term exceeding one (1) year to knowingly possess in and affecting foreign and interstate commerce a firearm or ammunition as described in the indictment.

      3.    The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, and the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

      4.    The defendant was advised that the elements of this offense are as follows: (1) That the defendant knowingly possessed the firearm or ammunition as charged; (2) That before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and (3) That the firearm or ammunition possessed traveled in interstate or foreign commerce, that is, before the defendant possessed the firearm or ammunition, it had traveled at some time from one state to another or between any part of the United States and another country.

      5.    The defendant was advised that the maximum possible sentence included a prison term of up to ten years plus a maximum fine of up to $250,000, and a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years.

The Assistant U.S. Attorney stated on the record that the defendant may be subject to the statutory sentencing enhancements of the Armed Career Criminal Act set forth in Title 18, United States Code, Section 924(e). Therefore, the defendant was admonished that if he was determined to be an Armed Career Criminal he would face a mandatory minimum 15-year sentence of imprisonment and maximum lifetime imprisonment without probation parole or a suspended sentence. The defendant was also advised of the maximum fine of up to $250,000, and a period of supervised release of not more than five years, and that any violation of supervised release could result in an additional prison term of up to a maximum of five years. The defendant was also advised that if he was determined to be an Armed Career Criminal, upon his request, the District Court may allow him to withdraw his plea of guilty, but that either he or his attorney would have to make that request to the District Judge.

The defendant also was advised that even if he received the maximum sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to the

maximum revocation sentence again.  The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction.

6.	The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

7.	The defendant was advised that his written plea agreement with the United States included a promise that the United States would recommend a sentence within the applicable guideline range as decided by the District Court and a recommendation that any remaining counts be dismissed at the time of sentencing.[1]  If the defendant provided substantial assistance, the United States may move for a downward departure for substantial assistance pursuant to U.S.S.G. §5K1.  The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence.

8.	The defendant was further advised that the plea agreement contained a waiver of his right to appeal and to file any petitions collaterally challenging his conviction.  The defendant stated that he had discussed the appeal waiver with his attorney and he understood that he was knowingly waiving his right to appeal the conviction and sentencing decision of the District Court to a higher court unless the District Court *sua sponte* departed upward from the applicable guideline range or imposed a sentence that exceeded the maximum sentence, and that he was knowingly waiving his right to file a petition collaterally challenging his conviction.  The defendant further stated that he was asking the District Court to accept the plea agreement with the waiver of his appellate rights.

9.	The defendant was further advised that this conviction  would result in the loss of his right to possess firearms and ammunition, the right to vote or to hold public office, and he stated he understood and had discussed these matters with his attorney.

---

[1] This plea agreement does not include a recommendation regarding an adjustment for Acceptance of Responsibility, pursuant to U.S.S.G. § 3E1.1.  The government and defense counsel confirmed that this was an intentional omission and the omission was explained to the defendant.

The defendant stated that he had received a copy of the indictment, he understood the charge in Count 5, the maximum possible penalties, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) as alleged in Count Five of the Indictment. When questioned about the guilty plea, the defendant admitted that that he agreed with the factual basis provided by the Assistant U.S. Attorney and further admitted the elements of the offense.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in the indictment.

Respectfully submitted this 12th day of February, 2014.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*